UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6160-CR-ZLOCH

UNITED STATES OF AMERICA   )
                           )
                           )
v.                         )
                           )
                           )
DOREEN JORDON,             )
                           )
        Defendant.         )
_____)

**GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER**

The United States files this response to the Standing Discovery Order issued in this case.

This response is numbered to correspond to that Order.

  A.   1.   The government is unaware of any written or recorded statements made by the defendant.

       2.   The government is aware of oral statements made by the defendant simultaneously to a person then known to the defendant to be a government agent that the government intends to use at trial. See excerpt from attached report.

       3.   The defendant did not testified before the Grand Jury.

       4.   The NCIC record, if any, of the defendant will be produced upon receipt of the same.

       5.   Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected on a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Suite 700 in Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

1

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial. Such attachments include the following: excerpt from typed statement of Greg Jones; National Travel Service and Tours, Inc. enveloped with notes written in yellow highlighter ink (front and back) seized in Alabama; same envelope as seized in Fort Lauderdale from defendant's possessions; waiver of rights form executed by defendant; Appendix D-personal search worksheet; audiotape recorded telephone call made by defendant to Hines; currency inventory count form; Jamaica receipt for $300.00; I94 receipt; Jamaica taxpayer registration number card of defendant; Jamaica departure form; itinerary for defendant's travel; defendant's round-trip airline ticket; handwritten note ending "store/clothes"; defendant's passport; University of the West Indies calendar handbook; license of trades and business act receipt for $300.00; defendant's US customs declaration form; narrative summary report of defendant's arrest. Items not capable of reproduction the government intends to use at trial: 3 packages of cocaine seized from the defendant's person and highlighter pen used to handwrite notes on envelope that is enclosed.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady.

D. The government is not aware of any payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses, within the scope of Giglio or Napue.

E. The government is unaware of any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. The defendant was not identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). In addition, the government will introduce under Rule 404(b) evidence underlying the defendant's past criminal activity which is summarized in the attached court documents. See attached statement of defendant admitting to a total of 6 importations of cocaine from Jamaica to Fort Lauderdale with subsequent transportation to Alabama. See also corroborative statement of coconspirator Greg Jones.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. Field tests performed on substances seized were positive for cocaine hydrochloride. Reports from a forensic chemist analyzing the same will be produced upon completion.

L. The government does not know of a vehicle allegedly used in the commission of this offense that is in the possession of law enforcement.

M. The government is not aware of latent fingerprints or palm prints which have been identified by a government expert.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Time: Approximately and before 9:20 p.m.
Date: June 5, 2000

| | |
|---|---|
| Place: | Air Jamaica flight 89 and the Fort Lauderdale\Hollywood International Airport |

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:   */s/ Donald F. Chase, II/*
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500077
500 East Broward Boulevard, Suite 700
Fort Lauderdale. Florida 33394
Tel: (954) 356-7255
Fax: (954) 356-7336

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered by United States mail this 28th of June 2000 to Martin Bidwell, Federal Public Defender's Office, 101 NE 3rd Avenue, Suite 202, Fort Lauderdale, FL 33301.

*/s/ Donald F. Chase, II/*
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

4