UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6160-CR-ZLOCH

UNITED STATES OF AMERICA )
)
)
v. )
)
)
)
DOREEN JORDON, )
)
        Defendant. )
_____)

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO STANDING DISCOVERY ORDER**

The United States files this supplemental response to the Standing Discovery Order issued in this case. This supplemental response is numbered to correspond to that Order.

    A.    1.    The government is aware of recorded statements made by the defendant. Copies of the following recorded conversations were produced to defense counsel at the status conference of June 30, 2000: telephone call made by defendant subsequent to her arrest to Hines and pocket recorder of June 6, 2000 meeting between the defendant and Greg Jones. Enclosed are copies of the following recorded conversations: June 6, 2000 videotaped meeting between Greg Jones and the defendant and kel recording made on the same date.

           5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected on a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Suite 700 in Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial. Such attachments include the following: see answer to A1.

    B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section

1



      B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

H.      You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government will introduce under Rule 404(b) evidence underlying the defendant's past criminal activity which is summarized in the attached court documents. See attached statement of defendant admitting to a total of 6 importations of cocaine from Jamaica to Fort Lauderdale with subsequent transportation to Alabama. See also corroborative statement of coconspirator Greg Jones.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Time:    Approximately and before 9:20 p.m.
Date:    June 5, 2000
Place:    Air Jamaica flight 89 and the Fort Lauderdale\Hollywood International Airport

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:    *[signature]*
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500077
500 East Broward Boulevard, Suite 700
Fort Lauderdale. Florida 33394
Tel: (954) 356-7255
Fax: (954) 356-7336

2

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered by United States mail this 5th of July 2000 to Martin Bidwell, Federal Public Defender's Office, 101 NE 3rd Avenue, Suite 202, Fort Lauderdale, FL 33301.

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY