UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6160-CR-ZLOCH
Magistrate Judge Seltzer

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DOREEN JORDON,

    Defendant.

_____/

## DEFENDANT'S OBJECTIONS TO
## PRE-SENTENCE INVESTIGATION REPORT

COMES NOW the defendant, Doreen Jordon, through her undersigned counsel, and pursuant to Administrative Order 95-02, and files the following objections to the Presentence Investigation Report ("PSI") prepared in the instant case.

The following objections relate to the factual findings in the PSI:

1. In paragraph 15 of the PSI, the defendant objects to the finding in the last sentence of paragraph 15. The defendant never told Jones that she needed to get out of the car, nor did she ever ask him which way she should run.

2. In paragraph 18 of the PSI, the third sentence, the defendant objects to the finding that she compromised the operation by making an unauthorized telephone call to her mother in Jamaica.

1

First, the call was not "unauthorized." The defendant believed she had approval from an agent to call her mother in Jamaica for the purpose of arranging for the care of her three children who are aged eight, four, and one. Further, the call to the elderly mother had absolutely no bearing on the operation. The defendant unequivocally advised the mother not to advise anyone of her circumstances. Moreover, the target of the operation (Jones) arrived to pick her up, notwithstanding the phone call.

3. In paragraph 18, the fifth and sixth sentences, the defendant objects to the statement that she intended to escape from custody, as well as the statement that her actions led to the agents halting the undercover operation. The defendant had no intent to escape from custody. Further, although the controlled delivery did not take place, the United States Customs Service developed significant evidence linking Jones to the defendant and the smuggling operation. Indeed, the next day, Jones gave a highly incriminating confession to federal agents wherein he admitted, in great detail, his long term involvement in an international drug importation conspiracy. None of this would have occurred were it not for the defendant's cooperation.

4. In paragraph 40, the defendant actually met Hubert Reeves in 1995.

5. In paragraph 44, the defendant is very depressed and is seeking counseling from psychological professionals at FDC. Because of her current psychological state, the defendant believes that she needs counseling for her depression.

6. In paragraph 45, the defendant did drink alcoholic beverages on a daily basis for a period of time and believes that she would benefit from alcohol counseling.

The following objections relate to the guidelines computation contained in the PSI and, if sustained, would change the sentencing range set forth therein:

2

7.  In paragraph 22 of the PSI, the probation office summarily finds that the defendant is not entitled to a role adjustment under § 3B1.2. The defendant objects to this finding and requests a two level downward adjustment for being a minor participant in the offense. Pursuant to Application Note 3 of U.S.S.G. § 3B1.2, the defendant is a participant who "is less culpable than most other participants." The defendant is clearly less culpable than the two other indentifiable participants in her offense: Byron Hines, the Jamaican source of the cocaine, and Gary Jones the American buyer/distributor of the cocaine. Accordingly, she should receive a two level downward adjustment for her minor role in the offense.

The defendant was merely a courier, and indeed had swallowed cocaine for smuggling purposes in the past, demonstrating clearly her place at the bottom of the hierarchy of participants. Moreover, in *United States v. Rodriguez De Varon*, 175 F.3d 930, 945 (11th Cir. 1999) (en banc), the Eleventh Circuit announced that some of the factual considerations relevant to the inquiry regarding a courier's role include: amount of drugs, fair market value of the drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution. Looking at these factors, it is clear that the defendant is a minor participant. The amount of drugs was relatively small, as it was barely over 400 grams. The market value was therefore moderate, and no doubt well less than $10,000. She was to be paid a very modest amount for her efforts, and she had no equity interest in the drugs. Finally, she had no role in the planning of the scheme or the distribution of the drugs. Based on all the foregoing, the defendant should receive a role adjustment.

8.  In paragraph 24 of the PSI, the defendant objects to the two level upward adjustment for willfully obstructing justice pursuant to § 3C1.1. The defendant did not willfully obstruct justice.

Immediately upon arrest, the defendant gave a detailed confession. She then immediately agreed to cooperate with law enforcement in an attempted controlled delivery of the drugs in Alabama. The defendant's efforts significantly aided the investigation and, in fact, took the investigation to a level it would not have reached were it not for her immediate acceptance of responsibility and willingness to cooperate. The actions of the defendant which led Jones to abort the drug transaction were undertaken only because she came to believe that Jones--who she previously had seen with a firearm and who she knew was potentially violent--suspected that she may be cooperating with law enforcement in effort to set him up. As she was alone in a car with Jones, while wearing a body wire, she made the split second decision that an effort to assist Jones would prevent him from harming her or her children for betraying him. Her actions were not intentional, nor were they willful, and they certainly were not undertaken for the purpose of obstructing justice. The two level enhancement is not warranted.

9.  In paragraph 27 of the PSI, the probation office finds that the defendant does not qualify for a three level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The defendant objects to this finding as the defendant should receive a three level downward adjustment pursuant to § 3E1.1. The defendant has pled guilty. She provided a detailed confession immediately upon arrest. She then agreed to participate in a dangerous controlled delivery of the drugs to drug traffickers in Alabama during which she would wear a body wire and enter a car alone with the target of the investigation. The defendant is truly sorry for her offense, and her timely guilty plea and admissions constitute significant evidence of acceptance of responsibility. *See* U.S.S.G. § 3E1.1, Application Note 3. As any action undertaken during the attempted controlled delivery was not done willfully, it does not warrant a denial of the acceptance adjustment. Even if it were willful, it does

4

not outweigh the significant evidence of the defendant's acceptance of responsibility. Finally, even if the court finds that a two level obstruction of justice enhancement does apply, this is truly one of those "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, Application Note 4.

10. In paragraph 63 of the PSI, the probation office finds that there are no factors which warrant departure. The defendant objects to this conclusion. There are factors that warrant departure which will be set out in a separate motion for downward departure, including this single mother's extraordinary responsibilities to three young children, ages 1, 4, and 8.

WHEREFORE the defendant prays that the court sustain her objections to the pre-sentence investigation report.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____

Martin J. Bidwill
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 868795
400 Australian Ave. N., #300
West Palm Beach, FL 33401
(561) 833-6288/833-0368(fax)

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 21st day of December, 2000, to Don Chase, Assistant United States Attorney at 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33394; Edward L. Cooley, U.S. Probation Office, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

Martin J. Bidwill