UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6160-CR-ZLOCH

MAGISTRATE JUDGE SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DOREEN JORDON,

    Defendant.

_____/

## DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE & INCORPORATED MEMORANDUM OF LAW

COMES NOW the defendant Doreen Jordon, by and through her undersigned attorney, and files her Motion For Downward Departure.

### I. Introduction

1. The defendant is moving for a downward departure pursuant to United States Sentencing Guidelines (U.S.S.G.) §§ 5K2.0, 5H1.6, as well as all other related provisions of the Guidelines, and 18 U.S.C. § 3553.

2. Specifically, it is the defendant's position that this court is authorized to depart based on the defendant's extraordinary obligations and responsibilities to three young children.

## II. Factual Background

3.  The defendant is the single parent of three young children presently living separately in Jamaica: Christina, age 8; Hubert, age 4; and Georgia, age 1 (21 months).

4.  The defendant was the sole provider and care giver of the three children, each of whom has a different father. None of the fathers provides support for the children.

5.  Eight year old Christina is currently living with, and is cared for by, the defendant's foster mother, Rose Daley. Rose Daley is seventy-five (75) years old and is believed to be developing Alzheimer's, as she is beginning to experience significant memory loss. Christina's father provides no emotional or financial support, and Ms. Daley earns an extremely modest income by periodically selling various wares.

6.  Four year old Hubert has experienced significant residential instability since the defendant's arrest. He lives at times with Rose Daley, and at other times with Joyce Bloomfield, a friend of the defendant. He is asthmatic and his condition requires medication which his current care givers cannot afford. His condition has made it likely he will become a ward of the state because of his mother's incarceration.

7.  One year old Georgia resides with her paternal grandmother, who is approximately seventy years old. Georgia's father is believed to have moved to Canada, and the defendant's incarceration has caused her to lose parental love and support during the most critical years of her development.

### III. Memorandum of Law

#### A. Departure Law

The Sentencing Reform Act of 1984 permits district courts to depart from the presumptive sentencing range prescribed by the Sentencing Guidelines in certain circumstances. *See* 18 U.S.C. § 3553(b); *Williams v. United States*, 503 U.S. 193, 112 S.Ct. 1112 (1992). Under section 3553(b) and section 5K2.0, a district court has the authority to depart from the applicable guideline range if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines . . . ." 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0 (policy statement); *United States v. Bernal*, 90 F.3d 465, 467 (11th Cir. 1996).

In *United States v. Koon*, 518 U.S. 81, 116 S.Ct. 2035 (1996), the United States Supreme Court explained in great detail the analysis a district court must undertake when assessing the propriety of a downward departure. Clearly emphasizing the substantial discretion vested in the district courts, the Supreme Court stated that "[t]he Guidelines . . . 'place essentially no limit on the number of potential factors that may warrant departure.'" *Koon*, 116 S. Ct. at 2050 (quoting *Burns v. United States*, 501 U.S. 129, 136-37 (1991)). In fact, "[t]here are a potentially infinite number of factors which may warrant departure" and "Koon makes clear that a court may not categorically exclude the consideration of any one factor . . . ." *United States v. Coleman*, 188 F.3d 354 (6th Cir. 1999). Further, a district court may consider whether certain factors in the aggregate warrant departure, even if each special factor would not alone justify a departure. *Id.*; *United States v. Jones*, 158 F.3d 492 (10th Cir. 1998). In fact, the Supreme Court stated that, unless the Commission itself had "proscribed, as a categorical matter, consideration of the factor," courts

3

should not reject **any** factor as a possible ground for downward departure; rather, "the sentencing court must determine whether the factor, as occurring in the particular circumstances, takes the case outside the heartland of the applicable Guideline." *Id.* at 2051.

### B. Basis For Departure

The defendant is moving for a downward departure on the basis of the exceptional family circumstances and parental responsibilities present in this case. The Sentencing Guidelines tell us that family circumstances and responsibilities are a permissible but discouraged factor. *See* U.S.S.G. § 5H1.6. Specifically, section 5H1.6 states: "Family ties and responsibilities . . . are not **ordinarily** relevant in determining whether a sentence should be outside the applicable guideline range." (Emphasis added). As such factors are not **ordinarily** relevant, a district court may depart based on family circumstances "only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." *Koon*, 518 U.S. at 94.

However, where an exceptional family situation exists, particularly one where the defendant's incarceration could cause harm to a vulnerable, dependant child, federal courts have found a downward departure is warranted. *See, e.g., United States v. Gauvin*, 173 F.3d 798 (10th Cir. 1999); *United States v. Johnson*, 964 F.2d 124 (2nd Cir. 1992); *United States v. Galante*, 111 F.3d 1029 (2nd Cir. 1997); *United States Wehrbein*, 61 F.Supp.2d 958 (D. Neb. 1999).

This is one of those exceptional cases. The defendant is a single mother of three young children. The children's fathers do not support the children. The separation of the defendant from the young children, and the emotional and psychological trauma that would accompany such separation for the children, clearly renders the defendant's circumstances exceptional and warrants the departure that is being requested. As one court has said: "The unique dependence of children

4

on a defendant is a basis for a downward departure." *United States v. DeRoover*, 36 F.Supp.2d 531, 533 (E.D.N.Y. 1999) (Weinstein, J.) (granting 12 level departure for single mother of five convicted of possession of about a half kilogram of heroin).

## IV. CONCLUSION

In sum, this Court is specifically directed to "impose a sentence sufficient, but not greater than necessary," to fulfill the goals of 18 U.S.C. § 3553(a). The woman before the Court for sentencing is a first time offender whose difficult circumstances caused her to use very poor judgment in committing the charged crime. She is a single mother of three young children. The departure sought in this case would allow her children to be reunited with their mother during the critical years of their development. Mercy is therefore respectfully requested here.

WHEREFORE the defendant prays that the Court grant this motion and depart downward from the current guideline range.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Martin J. Bidwill
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 868795
400 Australian Ave, N., #300
West Palm Beach, FL 33401
(561) 833-6288/833-0368(fax)

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 28 day of December, 2000 to Don Chase, Assistant United States Attorney, 500 East Broward Boulevard, #700, Fort Lauderdale, Florida 33394; Edward L. Cooley, U.S. Probation Office, 299 East Broward Boulevard, Fourth Floor, Fort Lauderdale, Florida 33301

Martin J. Bidwill

R:\FtLaud\jordon dep.wpd