UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6160-CR-ZLOCH

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| DOREEN JORDON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

The United States of America, by and through the undersigned Assistant United States Attorney, files its response to the defendant's motion for downward departure and shows the same should be denied for the following reason:

THE DEFENDANT'S PARENTAL RESPONSIBILITIES ARE NOT A PROPER BASIS FOR A SENTENCING DOWNWARD DEPARTURE.

Wherefore, for the foregoing reason, the United States of America respectfully requests that this Honorable Court deny the defendant's motion for downward departure.

### ARGUMENT

THE DEFENDANT'S PARENTAL RESPONSIBILITIES ARE NOT A PROPER BASIS FOR A SENTENCING DOWNWARD DEPARTURE.

Parental responsibilities and familial obligations have repeatedly been rejected as a basis for a downward departure.

> "Family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the guidelines." U.S.S.G. § 5H1.6. The Commission thus fully considered whether family ties and



responsibilities should be considered in determining "whether a sentence should be outside the guidelines" and concluded that they are not "ordinarily relevant." The three exceptions noted to this principle, involving restitution and fines, probation and supervised release[1], do not apply to this case.

United States v. Cacho, 951 F.2d 308, 311 (11th Cir. 1992)[2].

Despite the foregoing exclusion, defense counsel have cited U.S.S.G. §5K2.0 to attempt to justify a downward departure based upon a defendant's parental responsibilities and familial obligations:

[t]he sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.

---

[1] An amendment to U.S.S.G. § 5H1.6 that became effective on November 1, 1991 eliminated the consideration of family responsibilities to determine the appropriateness of a probationary sentence when the guideline range provides such as a potential penalty.

[2] In denying the downward departure based upon Cacho's four children, the late Judge Aronovitz stated:

Prior to the time that the Congress of the United States adopted the Sentencing Reform Act of 1984 and prior to the time that the Sentencing Guidelines came into effect, this Court had the discretion to consider some of the equitable considerations that you have just alluded to. That has been taken away from the Court, rightly or wrongly. It's not for me to say, because the Congress of the United States has the authority. It has the right to determine sentences, and by appointing the Sentencing Commission and adopting the guidelines, the Congress has left the Court very little discretion and the Court is required to apply the guidelines.

I cannot find and do not find that 18 U.S.C. Section 3553(b) would apply here or would authorize the Court to depart below the guidelines. That's not what the intent of the Congress was. It's debatable, and anyone can debate the right or the wrong of it, but I can't question it. That's the law, and I have to apply it.

Id., at 310.

2

The Eleventh Circuit Court of Appeals has consistently found that U.S.S.G. §5K2.0 prohibits a downward departure because of a defendant's parental responsibilities and familial obligations as the interference of the same is a natural byproduct of a defendant's conviction for a criminal offense and the resulting imprisonment term imposed as punishment.

> In our view, [the defendant's] family responsibilities, though difficult, are not extraordinary. See United States v. Mogel, 956 F.2d 1555, 1565 (11th Cir. 1992) (holding downward departure inappropriate where defendant had "two minor children to support, and a mother that lives with [her]"); Cacho, 951 F.2d at 311(11th Cir. 1992) (holding downward departure not warranted where defendant had four small children); United States v. Brand, 907 F.2d 31, 33 (4th Cir.) (reversing downward departure based on the fact that defendant was sole custodial parent of two young children), cert. denied, 498 U.S. 1014, 111 S.Ct. 585, 112 L.Ed.2d 590 (1990); United States v. Brewer, 899 F.2d 503, 508-09 (6th Cir.) (reversing downward departure based, in part, on the fact that defendant was mother of small children), cert. denied, 498 U.S. 844, 111 S.Ct. 127, 112 L.Ed.2d 95 (1990); United States v. Goff, 907 F.2d 1441, 1446 (4th Cir.1990) (finding nothing extraordinary about defendant with three children under the age of seven). Although the authority cited involves defendants with small children, we see no reason to treat a defendant who is the primary caretaker of an infirmed parent any differently. Thus, we conclude that [the defendant] " 'has shown nothing more than that which innumerable defendants could no doubt establish: namely, that the imposition of prison sentences normally disrupts [familial] relationships.'" Cacho, 951 F.2d at 311 (quoting United States v. Daly, 883 F.2d 313, 319 (4th Cir.1989), cert. denied, 496 U.S. 927, 110 S.Ct. 2622, 110 L.Ed.2d 643 (1990)); accord United States v. Shortt, 919 F.2d 1325, 1328 (8th Cir.1990) (stating that family responsibilities will not ordinarily support a downward departure, because "[a]ll families suffer when one of their members goes to prison").

United States v. Allen, 87 F.3d 1224, 1225, 1226 (11th Cir. 1996)(Responsibilities of defendant convicted of bank fraud as primary caretaker of parent with Alzheimer's and Parkinson's diseases were not extraordinary, defendant established nothing more than that the imposition of prison sentences normally disrupts family relationships). See United States v. Matthews, 168 F.3d 1234, 1248, 1249 (11th Cir. 1999)(facts that defendant had consistently held a job as a truck driver and had a seven-year-old son to whom he contributed support did not distinguish him significantly from the

3

rest of the general population so as to entitle him to a downward reduction in his sentence under the Sentencing Guidelines on the basis of a favorable employment record and the fact that he had substantial family responsibilities); and United States v. Gomez-Villa, 59 F.3d 1199, (11th Cir. 1995)(defendant's financial responsibilities to college-age children were not extraordinary circumstances warranting downward departure from guidelines' sentence).

The defendant's children will not become orphans as a result of her incarceration. Paragraphs 39, 40, and 41 of the Presentence Investigation Report state the defendant's three children have been and will continue to be cared for by their grandparents while the defendant is imprisoned. The defendant has failed to distinguish as extraordinary the hardship her incarceration will inflict upon her children as opposed to other similarly situated defendants. Therefore, her motion for downward departure must be denied.

                Respectfully submitted,

                GUY A. LEWIS
                UNITED STATES ATTORNEY

By: _____
     DONALD F. CHASE, II
     ASSISTANT UNITED STATES ATTORNEY
     Court No. A5500077
     500 East Broward Boulevard, Suite 700
     Fort Lauderdale, FL 33394
     Tel: (954) 356-7255
     Fax: (954) 356-7336

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on January 2, 2001, to Martin Bidwell, Esq., Federal Public Defender's Office, 101 NE 3rd Avenue, Suite 202, Fort Lauderdale, FL 33301.

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY